UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

KANWALDEEP KALSI,

                    Debtors.
------------------------------------------------------------X
CAMPAGNA JOHNSON MADY, PC
f/k/a CAMPAGNA JOHNSON, PC,

                    Plaintiff,

    – against –

KANWALDEEP KALSI,

                    Defendant.
------------------------------------------------------------X

Case No. 20-10330 (MG)

Chapter 7

Adv. Pro. No.

## COMPLAINT

Campagna Johnson Mady, PC f/k/a Campagna Johnson, PC (the "Plaintiff's) complaining of defendant-debtor Kanwaldeep Kalsi (the "Defendant"), respectfully represents and sets forth as follows:

## JURISDICTION

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (I), and (O).

3.      Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.      The statutory predicates for relief are 11 U.S.C. §§523 and 727, and Rules 4001 and 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES

5.     Plaintiff is a corporation formed and operating under the laws of the State of New York.

6.     Defendant is an individual residing in the State of New York.

## BACKGROUND

7.     Campagna Johnson Mady, PC (hereinafter referred to as CJM) represents Namrita Purewal, the estranged wife of Kanwaldeep Kalsi, in a pending matrimonial action before the Supreme Court of the State of New York, County of Suffolk. A copy of the Summons and Complaint on the parties' matrimonial action is annexed hereto as **Exhibit "A"**.

8.     CJM has represented Ms. Purewal throughout multiple phases of her contested matrimonial action, including but not limited to a twenty plus day custody and visitation trial, as well another multi day trial centered around equitable distribution and the payment of child support by the Defendant to Ms. Purewal.

9.     During the course of CJM's representation of Ms. Purewal and by way of an Order of the Supreme Court dated January 27, 2020, Ms. Purewal was awarded the sum of seventy-five thousand ($75,000.00) dollars for legal fees (hereinafter referred to as the Owed Amount) with such award to be paid directly to CJM no later than thirty (30) days from January 27, 2020. A copy of the January 27, 2020 decision awarding the legal fees is annexed hereto as **Exhibit "B"**.

10.     As noted by the Supreme Court in the January 27, 2020 decision, the basis for the granting of legal fees was that the, "Defendant must comply with the outstanding discovery and the deposition as directed herein and that the trial will thereafter recommence". In referencing the trial that was recommencing, the Court was referring to the upcoming trial on equitable

distribution and child support for the parties' two minor children, which was the most contested aspect of the parties' financial proceeding.

11.     Shortly after being ordered to pay the legal fee award referenced herein, the Defendant filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and February 3, 2020.

## PROCEDURAL BACKGROUND

12.     On February 3, 2020, Debtor, Kanwaldeep Kalsi, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. As part of this petition, the Debtor listed CJM as a dischargeable creditor, specifically as a "disputed" debt on page 2 of form B 104 of his chapter 11 filing and then again on page 3 of Schedule E/F wherein the debt is again listed as disputed and erroneously noted as not being an obligation arising from separation agreement or divorce. In neither reference to the debt does the Debtor advise the Bankruptcy Court the nature of the claim in which discharge is sought. The relevant pages referenced herein are annexed hereto as **Exhibit "C"**.

13.     Thereafter, on February 26, 2020, an application was made by Namrita Purewal to lift the automatic stays implemented under chapter 11 of the Bankruptcy Code so as to allow Ms. Purewal's and the Debtor's matrimonial action to continue uninterrupted. This application was decided March 31, 2020, with the requested relief partially granted. A copy of this decision is annexed hereto as **Exhibit "D"**.

14.     In or around the fall of 2020, the Debtor made a further application to convert his chapter 11 action to a chapter 7 action under the Federal Bankruptcy Code. After reviewing all papers submitted in support of this request, the Bankruptcy Court granted the Debtor's application and converted the chapter 11 case to one under chapter 7 and subsequently appointed

Angela Tese-Milner, Esq. as the Chapter 7 trustee. A copy of the order in question is annexed hereto as **Exhibit "E"**.

15. The initial section 341 meeting of creditors is presently scheduled for February 26, 2021 at 12:00 p.m.

**AS AND FOR THE FIRST CLAIM FOR RELIEF**
**(11 U.S.C. §523(a)(5))**

16. Plaintiff repeats, realleges, and reasserts each and every allegation contained in paragraphs "1" through "15" of this Complaint as it is set forth at length herein.

17. The debt owed to CJM is for legal fees granted to Namrita Purewal as the non-monied spouse of the Debtor.

18. The legal fees granted to Namrita Purewal were meant to "level the playing field" with the Debtor so that she could move forward and prosecute her claims in her matrimonial action, which included issues of custody, equitable distribution, as well as seeking child support from the debtor.

19. The Owed Amount was granted to CJM so as to allow Namrita Purewal the opportunity to use her funds to support her family as opposed to exhausting them on legal fees.

20. The Owed Amount is owed to and recoverable by CJM.

21. The Owed Amount was established by an order issued within the context of the Debtor's and Namrita Purewal's divorce action.

22. The Owed Amount is a domestic support obligation of the Debtor and is therefore non-dischargeable.

23. Consequently, Plaintiff, CJM, is entitled to an order determining that Owed Amount, comprised of the Ordered Payment, in the amount of $75,000.00, together with statutory interest at nine-percent (9%) retroactive to February 27, 2020, is non-dischargeable

pursuant to Bankruptcy Code §523(a)(5), and a judgment be entered against Defendant in such amount.

## AS AND FOR THE SECOND CLAIM FOR RELIEF
### (11 U.S.C. §523(a)(15))

24.     Plaintiff repeats, realleges, and reasserts each and every allegation contained in paragraphs "1" through "23" of this Complaint as it is set forth at length herein.

25.     CJM represents Namrita Purewal, who is the spouse of the Debtor.

26.     Namrita Purewal was granted $75,000.00 in legal fees in the course of an active divorce action against the Debtor.

27.     The $75,000.00 legal fee award granted to Namrita Purewal was to be made directly to CJM, as her attorneys.

28.     The $75,000.00 legal fee award was incurred by the Debtor in the course of a divorce by way of an order of a court of record and is therefore non-dischargeable.

29.     Consequently, CJM is entitled to an order determining that the Owed Amount, comprised of the Ordered Payment, in the amount of $75,000.00, together with statutory interest at nine-percent (9%) retroactive to February 27, 2020, is non-dischargeable pursuant to Bankruptcy Code §523(a)(15) and a judgment be entered against Defendant in such amount.

**WHEREFORE,** Plaintiff prays that the Court enter an order:

(a) as to the first claim for relief, determining that debt of not less than $75,000.00, together with statutory interest is non-dischargeable pursuant to Bankruptcy Code §523(a)(5), and a judgment be entered against Defendant Debtor in such amount;

(b) as to the second claim for relief, determining that debt of not less than $75,000.00, together with statutory interest is non-dischargeable pursuant to Bankruptcy Code §523(a)(15), and a judgment be entered against Defendant Debtor in such amount; and

(c) granting such other and different relief as the Court deems just and proper.

Dated: Hauppauge, New York
      February 18, 2021

                **CAMPAGNA JOHNSON MADY, PC**

By:    _____
           Bryan R. Johnson, Esq.
           888 Veterans Memorial Highway
           Suite 200
           Hauppauge, New York 11788
           (631) 737-8200

# EXHIBIT
# 'A'



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------X

KANWALDEEP KALSI,

                Plaintiff,

-against-

NAMRITA PUREWAL,

                Defendant,

-----------------------------------------------------X

Index No.:

*Plaintiff hereby designates County of Suffolk as the place of trial.*

**SUMMONS WITH NOTICE IN AN ACTION FOR A DIVORCE WITH AUTOMATIC ORDERS, NOTICE OF HEALTH CARE CONTINUANCE & NOTICE OF <u>GUIDELINE MAINTENANCE</u>**

*Filed*
SEP 27 2017
Judith A. Pascale
CLERK SUFFOLK COUNTY

## <u>ACTION FOR A DIVORCE</u>

*To the above named Defendant:*

        **YOU ARE HEREBY SUMMONED,** to serve a notice of appearance on the Plaintiff's Attorney within twenty ("20") days after the service of this Summons, exclusive of the day of service (or within thirty ("30") days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Dated: New York, New York
       September 25, 2017

**Date Summons Filed:**
September 27, 2017

The basis of venue is:
<u>CPLR Section 509</u>

LAW OFFICE OF YONATAN S. LEVORITZ, P.C.
By: YONATAN S. LEVORITZ, ESQ.
*Attorneys for Plaintiff*
17 State Street, 40th Floor
New York, New York 10004
(718) 942-4004

Plaintiff resides at:
     82 Inlet Road East
     Southampton, New York 11968
     in the County of Suffolk.

Defendant resides at
     67 Liberty Street #5
     New York, New York 10005
     in the County of New York.

        **PLEASE TAKE NOTICE** that in the event you fail to timely and properly serve your Notice of Appearance on the Plaintiff's Attorneys, a Judgment will be taken against you by default for the relief demanded herein above.

NOTICE:        THE OBJECT OF THIS ACTION AND THE RELIEF SOUGHT BY THE PLAINTIFF HEREIN ARE AS FOLLOWS:

(a)     a Judgment of Absolute Divorce, dissolving the marriage between the parties on the grounds that the relationship between husband and wife has broken down irretrievably for a period of at least six months and the economic issues of equitable distribution of marital property, the payment of spousal support, the payment of child support, the payment of counsel and experts' fees and expenses, as well as the custody and visitation with the infant children of the marriage have been resolved by the parties, or determined by the court and incorporated into the judgment of divorce.

(b)     a Judgment granting the Plaintiff sole Physical and Legal Custody of the parties' Two ("2") issue, to wit;

Aviraj Singh Kalsi, born on October 12, 2015 (Age 1), and,

Adiraj Singh Kalsi, born October 12, 2015 (Age 1);

(c)     a Judgment awarding the Plaintiff Child Support for the Parties' Two ("2") infant issue;

(d)     a Judgment awarding the Plaintiff Spousal Maintenance;

(e)     a Judgment awarding the Plaintiff exclusive possession of the Parties' Marital Residence;

(f)     a Judgment giving Plaintiff an equitable distribution of all the parties' marital assets, including without limitation, all qualified/non-qualified retirement plans/assets in the name of the Defendant;

(g)     a Judgment compelling Defendant to keep in-place and in full force and effect all health and life insurance plans available to her;

(h)     a Judgment giving Plaintiff such other and further relief as the Court may deem just and proper, including the costs and disbursements of this action;

# AUTOMATIC ORDERS

PURSUANT TO DOMESTIC RELATIONS LAW §236 Part B, Section 2, as added by Chapter 72 of the Laws of 2009, both you and your spouse (the parties) are bound by the following AUTOMATIC ORDERS, which shall remain in full force and effect during the pendency of the action unless terminated, modified or amended by further order of the court or upon written agreement between the parties:

(1) Neither party shall sell, transfer, encumber, conceal, assign, remove or in any way dispose of, without the consent of the other party in writing, or by order of the court, any property (Including, but not limited to, real estate, personal property, cash accounts, stocks, mutual funds, bank accounts, cars and boats) individually or jointly held by the parties, except in the usual course of business, for customary and usual household expenses: or for reasonable attorney's fees In connection with this action;

(2) Neither party shall transfer, encumber, assign, remove, withdraw or in any way dispose of any tax deferred funds, stocks or other assets held in any individual retirement accounts, 401k accounts, profit sharing plans, Keogh accounts, or any other pension or retirement account, and the parties shall further refrain from applying for or requesting the payment of retirement benefits or annuity payments of any kind, without the consent of the other party in writing, or upon further order of the court;

(3) Neither party shall incur unreasonable debts hereafter, including, but not limited to further borrowing against any credit line secured by the family residence, further encumbrancing any assets, or unreasonably using credit cards or cash advances against credit cards, except in the usual course of business or for customary or usual household expenses, or for reasonable attorney's fees in connection with this action;

(4) Neither party shall cause the other party or the children of the marriage to be removed from any existing medical, hospital and dental insurance coverage, and each party shall maintain the existing medical, hospital and dental insurance coverage in 1011 force and effect; and,

(5) Neither party shall change the beneficiaries of any existing life insurance policies, and each party shall maintain the existing life insurance, automobile insurance, homeowners and renters insurance policies in full force and effect.

## NOTICE:

Notice concerning continuation of health care coverage as required by DRL Section 255(l):

PLEASE TAKE NOTICE that once the judgment is signed in this action, both you and your spouse may or may not be eligible to be covered under the other party's health insurance plan, depending on the terms of the plan.

# NOTICE OF GUIDELINE MAINTENANCE

If your divorce was commenced on or after January 25, 2016, this Notice is required to be given to you by the Supreme Court of the county where your divorce was filed to comply with the Maintenance Guidelines Law ([S. 5678/A. 7645], Chapter 269, Laws of 2015) because you may not have counsel in this action to advise you. **It does not mean that your spouse (the person you are married to) is seeking or offering an award of "Maintenance" in this action. "Maintenance" means the amount to be paid to the other spouse for support after the divorce is final.**

You are hereby given notice that under the Maintenance Guidelines Law (Chapter 269, Laws of 2015), there is an obligation to award the guideline amount of maintenance on income up to $178,000 to be paid by the party with the higher income (the maintenance payor) to the party with the lower income (the maintenance payee) according to a formula, unless the parties agree otherwise or waive this right. Depending on the incomes of the parties, the obligation might fall on either the Plaintiff or Defendant in the action.

There are two formulas to determine the amount of the obligation. If you and your spouse have no children, the higher formula will apply. If there are children of the marriage, the lower formula will apply, but only if the maintenance payor is paying child support to the other spouse who has the children as the custodial parent. Otherwise the higher formula will apply.

### Lower Formula

1-Multiply Maintenance Payor's Income by 20% .
2- Multiply Maintenance Payee's Income by 25% .
Subtract Line 2 from Line 1: = **Result 1**
Subtract Maintenance Payee's Income from 40 % of Combined Income* = **Result 2.**
Enter the lower of **Result 2** or **Result 1**, but if less than or equal to zero, enter zero.
**THIS IS THE CALCULATED GUIDELINE AMOUNT OF MAINTENANCE WITH THE LOWER FORMULA**

### Higher Formula

1-Multiply Maintenance Payor's Income by 30%
2- Multiply Maintenance Payee's Income by 20%
Subtract Line 2 from Line 1= **Result 1**
Subtract Maintenance Payee's Income from 40 % of Combined Income*= **Result 2**
Enter the lower of **Result 2** or **Result 1**, but if less than or equal to zero, enter zero
**THIS IS THE CALCULATED GUIDELINE AMOUNT OF MAINTENANCE WITH THE HIGHER FORMULA**

**\*Combined Income equals Maintenance Payor's Income up to $178,000 plus Maintenance Payee's Income**

**Note: The Court will determine how long maintenance will be paid in accordance with the statute.**

**(Rev. 1/31/16)**

# NOTICE CONCERNING CONTINUATION OF

## HEALTH CARE COVERAGE

(Required by section 255(I) of the Domestic
Relations Law)

**PLEASE TAKE NOTICE that once** a judgment of divorce is
signed in this action, both you and your spouse may or may not
continue to be eligible for coverage under each other's health
insurance plan, depending on the terms of the plan.

Index No.:

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF SUFFOLK

KANWALDEEP KALSI,

                              Plaintiff,

       - against -

NAMRITA PUREWAL,

                             Defendant.

## SUMMONS WITH NOTICE

**THE LEVORITZ LAW GROUP**
*Attorneys for Plaintiff*
17 State Street, 40th Floor
New York, New York 10004
(718) 942-4004

**NOTICE OF ENTRY:**
Sir:     Please take notice that the within is a true copy of an Order duly entered in the office of the clerk of the within named Court on _____ 2017.

Dated: New York, New York

                                **THE LEVORITZ LAW GROUP**
                                *Attorneys for Plaintiff*
                                17 State Street, 40th Floor
                                New York, New York 10004
                                (718) 942-4004

**SIGNATURE PURSUANT TO NYCRR:**          The Attached Motion Is Hereby Affirmed
                                                Pursuant To NYCRR Rule 130 - 1.1-a:

                                                _____
                                                YONATAN S. LEVORITZ, ESQ.
                                                Date: September ____, 2017

**ACKNOWLEDGMENT OF IN-HAND SERVICE:**
In-Hand Service of the within document is hereby acknowledged on this _____ day of _____, 2017, at _____ am/pm.

# EXHIBIT
## 'B'

# SUPREME COURT-STATE OF NEW YORK
## I.A.S. PART 35 - SUFFOLK COUNTY

INDEX NO.: 05035/2017

Submit Date: January 22, 2020
Motion Sequence: 17, 19
Mot D

P R E S E N T:

**HON. DEBORAH POULOS**
Justice of the Supreme Court

------------------------------------------------------x

**KANWALDEEP KALSI**

Plaintiff,

-against-

**NAMRITA PUREWAL**

Defendant.

------------------------------------------------------x

**PLAINTIFF'S ATTORNEY:**
The Levoritz Law Firm
140 Boadway, 46th Floor
New York, New York 10005
(718) 942-4004

**DEFENDANT'S ATTORNEY:**
Campagna Johnson, P.C.
888 Veterans Memorial Highway, Suite 200
Hauppauge, New York 11788
(631) 737-8200

Plaintiff having moved by Order to Show Cause dated November 1, 2019 seeking an order pursuant to CPLR§ 3124 compelling Defendat to comply with discovery and appear for a deposition, pursuant to CPLR§3126 sanctioning defendant, pursuant to CPLR§2201 staying the trial, pursuant to CPLR§2221, DRL§236(B) and DRL§240, granting him leave to renew, reargue or modify this Court's September 5, 2019 Order and for the release of funds being held in Defendant's attorney's escrow account for the payment of the mortgage on the Southampton property and Defendant having submitted a Cross Motion seeking, *inter alia*, an order pursuant to CPLR§2221 granting her leave to renew or reargue this Court's September 5, 2019 Order and the Order to Show Cause dated June 20, 2019, and if granted , awarding Defendant $265,000.00 in counsel fees and an additional $50,000.00 in counsel fees, and Plaintiff having submitted Opposition and Reply and Defendant having waived her right to submit a Reply,and the Court having given due deliberation , finds as follows:

Plaintiff brought his Order to Show Cause on November 1, 2019, several days before the trial was to commence. The trial which was scheduled at the request of Plaintiff's prior counsel, commenced on November 6, 2019. The Court notes that there have been 19 motions filed in this case and there was an over two week custody trial before Justice Quinn that ultimately settled. Most of the relief requested in both applications has been already decided by or previously raised to this Court. Based upon the acrimony between the parties and the continued motion practice, it is imperative that this case proceed to trial.

The Court notes that during the conference on January 21, 2020 it was providing the attorneys with a copy of the decision and Plaintiff's attorney advised that the parties had agreed to

adjourn the motions for the submission of additional papers. The Court reviewed Plaintiff's Opposition and Reply which consists of a 25 page affirmation and Exhibits 71 through 76.

With regard to Plaintiff's request for a stay of the trial and to compel Defendant to comply with discovery and appear for a deposition, this Court directs Defendant to provide responses to Plaintiff's outstanding discovery demands, to the extent not previously provided, within 45 days of the date of this Order. The depositions of both parties shall be concluded within 65 days of the date of this Order. Additionally to the extent not provided , Plaintiff shall foward to Defendant's attorney the authorizations set forth in Justice Quinn's Order dated March 29, 2018 within 10 days of the date of this Order with the Defendant signing and returning the authorizations to Plaintiff's attorney within 10 days of receipt of the authorizations. The Court directs that the deposition of each party shall be no longer than 1 full day, with the depositions beginning at 9:30 am and ending at 5:00 pm. In the event of any issues regarding the discovery, the authorizations or the scheduling of the depositions pursuant to this Order, the attorneys shall immediately advise the Court so a conference call can be scheduled to resolve any such issues.

The Plaintiffs request to stay the trial is granted to the extent that the parties shall appear for a conference on February 4, 2020 to schedule the continuation of the trial. Within 10 days of the conclusion of the depositions, Plaintiff's attorney shall file an Amended Note Of Issue and Certificate of Readiness, confirming discovery has been concluded. This Court will not permit any further delays of the trial.

"A motion for leave to renew is addressed to the sound discretion of the court'" (*Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 771, 989 N.Y.S.2d 302 [2d Dept 2014] *internal citations omitted*). CPLR 2221 provides in pertinent part that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination [and] . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (*see also United Med. Assoc., PLLC v Seneca Ins. Co., Inc.*, 125 AD3d 959, 5 NYS3d 164 [2d Dept 2015]; *Matter of O'Gorman v O'Gorman*, 122 AD3d 744, 995 N.Y.S.2d 230 [2d Dept 2014]). However, a motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Coccia v Liotti*, 70 AD3d 747, 753, 896 N.Y.S.2d 90 [2d Dept 2010] *internal quotations omitted; see also Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 700-701, 934 N.Y.S.2d 467[2d Dept 2011]).

"A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion " (*Grimm v Bailey*, 105 AD3d 703, 704, 963 NYS2d 277 [2d Dept 2013], *quoting* CPLR 2221 [d] [2]; *see Matter of American Alternative Ins. Corp. v Pelszynski*, 85 AD3d 1157, 1158, 926 NYS2d 640 [2d Dept 2011], *leave denied* 18 NY3d 803, 938 NYS2d 861 [2012]). "While the determination to grant leave to reargue a motion lies within the sound discretion of the court, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*Matter of Anthony J. Carter, DDS, P.C. v Carter*, 81 AD3d 819, 820, 916 NYS2d 821 [2d Dept 2011] *citations and internal quotations omitted*).

With regard to Plaintiff's request to renew, reargue or modify this Court's September 5, 2019 Order, the Court has reviewed the arguments and extensive exhibits in Plaintiff's submissions and Defendant's Opposition and finds that the moving papers herein fail to demonstrate that the Court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law in reaching its prior determination nor has Plaintiff submitted any new facts which would warrant this Court to modify it's prior Orders. (*see* CPLR 2221 [d][2]; *Mooney v Vecchio*, 305 AD2d 415, 758, NYS2d 506 [2d Dept 2003]).

With regard to Defendant's request to renew or reargue this Court's September 5, 2019 Order and the June 20, 2019 Order to Show Cause, the Court is granting that application to the extent of awarding Defendant additional interim counsel fees in the amount of $75,000.00 payable by Plaintiff directly to Defendant's attorney within 30 days of the date of this Order. In reaching it's decision, the Court has taken into consideration, amongst other things, that Defendant must comply with the outstanding discovery and the depositions as directed herein and that the trial will soon thereafter recommence. The Court determines Plaintiff is the monied spouse. The Court has also relied upon DRL §237, which reads in pertinent part:

> (a) In any action or proceeding brought...for a divorce...the court may direct either spouse...to pay counsel fees...directly to the attorney of the other spouse to enable the other party to carry on or defend the action of proceeding as in the court's direction, justice requires, having regard to the circumstances of the case and of the respective parties. There shall be rebuttable presumption that counsel fees shall be awarded to the less monied spouse. ..Both parties to the action or proceeding and their respective attorneys, shall file an affidavit with the court detailing the financial agreement between the part and the attorney. Such affidavit shall include the amount of any retainer, the amounts paid and still owing thereunder, the hourly amount charged by the attorney, the amounts paid, or to be paid, any experts, and any additional costs, disbursements or expenses. Any applications for fees and expenses may be maintained by the attorney for their spouse in his own name in the same proceeding. Payment of any retainer fees to the attorney for the petitioning party shall not preclude any awards of fees and expenses to an applicant which would otherwise be allowed under this section.

The purpose of a counsel fee award is to level the playing field between the monied and less-monied spouse. DRL §237; Saunders v. Guberman, 130 A.D.3d 510 (1st Dept. 2015). A counsel fee application under this section of the statute does not require a showing of indigency (De Cabrer v. Cabrera-Rosete, 70 N.Y.2d 879 (1987)), but rather that counsel fees be awarded to the less monied spouse. Mizrahi-Srour v. Srour, 138 A.D.3d 801 (2nd. Dept. 2016); Matter of Dempsey v. Arreglado, 95 A.D.3d 1388 (3rd Dept. 2012).

With regard to the Southampton property, as Plaintiff was paying the mortgage on that property, his continued payment was not nor did not have to be addressed as the status quo was to be maintained.

Plaintiff herein simultaneously argues his support obligations are excessive and the continuation of the trial should be delayed. The best remedy for an perceived inequities in the pendente lite decision or any other prior Orders is a speedy trial. Barone v. Barone, 41 A.D.3d 623

(2nd Dept. 2007)

NOW, it is

**ORDERED,** that Plaintiff's request for order pursuant to CPLR§ 3124 compelling Defendant to comply with Plaintiff's discovery demands and appear for a deposition is granted to the extent Defendant shall provide the remaining responses to Plaintiff's outstanding discovery demands within 45 days of the date of this Order; and it is further,

**ORDERED,** that Plaintiff shall forward to Defendant's attorney the authorizations set forth in Justice Quinn's Order dated March 29, 2018 within 10 days of the date of this Order with the Defendant signing and returning the authorizations to Plaintiff's attorney within 10 days of receipt of the authorizations; and it is further,

**ORDERED,** that the depositions of both parties shall be concluded within 65 days of the date of this Order and each party's deposition shall be no longer than 1 full day, with the depositions beginning at 9:30 am and ending at 5:00 pm.; and it is further,

**ORDERED,** that Plaintiff's request for leave to reargue, renew or modify this Court's September 5, 2019 Order is denied and it is further,

**ORDERED,** that Defendant's request for leave to reargue or renew this Court's September 5, 2019 Order is granted to the extent, Defendant is awarded $75,000.00 in counsel fees payable by Plaintiff directly to Defendant's attorneys, Campagna Johnson, P.C., within 30 days of the date of this Order, which award is without prejudice to seek additional fees; and it is further,

**ORDERED,** the parties and counsel shall appear for a conference before this Court on February 4 , 2020 to schedule the continuation of the trial and the parameters of discovery; and it is further

**ORDERED,** that all other relief not addressed herein is deemed DENIED.

The foregoing constitutes the Order of this Court.

Dated: Central Islip, New York

January 27, 2020

**HON. DEBORAH POULOS, J.S.C.**

-4-

# EXHIBIT
# 'C'

| Debtor 1 | Kanwaldeep Singh Kalsi | | Case number (if known) | |

---

**3**

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998

What is the nature of the claim?    **Credit Card**    $ **$4,046.00**

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ■ None of the above apply

Does the creditor have a lien on your property?
- ■ No
- ☐ Yes. Total claim (secured and unsecured)    $ _____
  - Value of security:    - $ _____
  - Unsecured claim    $ _____

Contact _____

Contact phone _____

---

**4**

Amex/Bankruptcy
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998

What is the nature of the claim?    **Credit Card**    $ **$1,300.00**

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ■ None of the above apply

Does the creditor have a lien on your property?
- ■ No
- ☐ Yes. Total claim (secured and unsecured)    $ _____
  - Value of security:    - $ _____
  - Unsecured claim    $ _____

Contact _____

Contact phone _____

---

**5**

Campagna Johnson, P.C.
888 Veterans Memorial Highway
Suite 200
Hauppauge, NY 11788

What is the nature of the claim?    $ **$75,000.00**

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ■ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ■ No
- ☐ Yes. Total claim (secured and unsecured)    $ _____
  - Value of security:    - $ _____
  - Unsecured claim    $ _____

Contact _____

Contact phone _____

---

**6**

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

What is the nature of the claim?    **Credit Card**    $ **$50,755.00**

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ■ None of the above apply

Does the creditor have a lien on your property?

---

B 104 (Official Form 104)    For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    Page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1 __Kanwaldeep Singh Kalsi__                                    Case number (if known) _____

| 4.5 | **Campagna Johnson, P.C.** | Last 4 digits of account number _____ | | $75,000.00 |

Nonpriority Creditor's Name
**888 Veterans Memorial Highway**
**Suite 200**
**Hauppauge, NY 11788**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                ☐ Contingent
☐ Debtor 2 only                                ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                   ■ Disputed
☐ At least one of the debtors and another      Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community      ☐ Student loans
debt                                           ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                report as priority claims
■ No                                           ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                          ■ Other, Specify _____

---

| 4.6 | **Capital One / Saks F** | Last 4 digits of account number  5387 | | $729.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 30285**
**Salt Lake City, UT 84130**
Number Street City State Zip Code

When was the debt incurred?    **Opened 04/18  Last Active
1/17/20**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                ☐ Contingent
☐ Debtor 2 only                                ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                   ☐ Disputed
☐ At least one of the debtors and another      Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community      ☐ Student loans
debt                                           ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                report as priority claims
■ No                                           ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                          ■ Other, Specify  **Credit Card**

---

| 4.7 | **Chase Card Services** | Last 4 digits of account number  3978 | | $50,755.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

When was the debt incurred?    **Opened 06/16  Last Active
1/03/20**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                ☐ Contingent
☐ Debtor 2 only                                ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                   ☐ Disputed
☐ At least one of the debtors and another      Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community      ☐ Student loans
debt                                           ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                report as priority claims
■ No                                           ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                          ■ Other, Specify  **Credit Card**

---

# EXHIBIT 'D'

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re:

              KANWALDEEP SINGH KALSI,

                                     Debtor.

------------------------------------------------------------------------x

**NOT FOR PUBLICATION**

Chapter 11

Case No. 20-10330 (MG)

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT THE AUTOMATIC STAY

*A P P E A R A N C E S:*

MACCO LAW GROUP, LLP
*Attorneys for Namrita Purewal*
2950 Express Drive South, Suite 109
Islandia, NY 11749
By:   Cooper J. Macco, Esq.

LAW OFFICES OF ALLA KACHAN, P.C.
*Attorneys for Debtor*
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
By:   Alla Kachan, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      Namrita Purewal ("Purewal") moves the Court for the entry of an order granting relief

from the automatic stay, as necessary, to permit the continuation of a divorce action against

Kanwaldeep Singh Kalsi ("Kalsi" or "Debtor"). ("Motion," ECF Doc. # 9-1.) Purewal believes

that adjudication of the Divorce Action (as defined below) is necessary to determine (a) the

extent of the Debtor's interest in substantially all of the Debtor's assets; (b) the value of

Purewal's interest in substantially all of the Debtor's assets; (c) a property distribution of marital

assets, if any, by the Debtor to Purewal; and (d) domestic support obligations, if any, owed by the Debtor to Purewal. (Motion ¶ 18.)

On March 23, 2020, the Debtor filed a limited objection to the Motion. ("Objection," ECF Doc. # 23.) On March 26, 2020, after the objection deadline had passed, the Debtor filed an amended objection to the Motion. ("Amended Objection," ECF Doc. # 25.) The Debtor argues that the automatic stay should only be partially lifted, so that the state court can make a determination regarding permanent child support and property division. (*Id.* ¶ 16.) However, the Debtor argues that the automatic stay should be maintained to the extent of property distribution and that the Court should retain exclusive jurisdiction over the property of the Debtor once his interest is determined. (*Id.*)

For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART.** The relief granted by the Court is limited to the following: (1) granting relief from the automatic stay to determine the interests of the Debtor and Purewal in marital property and the Debtor's permanent domestic support obligations and (2) retaining jurisdiction over distribution of property of the Debtor's estate.

## I.    BACKGROUND

In 2017, Kalsi commenced a divorce action in the Supreme Court of New York, County of Suffolk (the "Divorce Action"). (Motion ¶ 6.) On August 5, 2019, the court in the Divorce Action entered a *pendente lite* order ("Pendente Lite Order," ECF Doc. # 9-2) requiring Kalsi to (a) remit payment on account of the mortgage, homeowner's insurance, and electric utilities on real property located at 67 Liberty Street, New York, NY (the "Property") in lieu of spousal maintenance and (b) remit $600 per month to Purewal for child support. (*Id.* ¶ 7.)

On February 3, 2020, Kalsi filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ("Petition," ECF Doc. # 1.) On March 9, 2020, the Debtor filed an amended

2

petition, amending his answer to question 11, indicating that he now rents his residence. ("Amended Petition," ECF Doc. # 13, at 3.) The Debtor did not list any domestic support obligations on the Petition or Amended Petition. (Petition at 16, 37, 41.) On the filing date, however, the Debtor was obligated to pay Purewal pursuant to the Pendent Lite Order $600.00 for child support and to remit payment for the mortgage, homeowner's insurance, and electric utilities for the Property on a monthly basis.[1]

### A.    The March Hearing

On March 4, 2020, the Court held an initial status conference ("March Hearing"). The Court inquired if there were any non-dischargeable arrears on matrimonial related payments for domestic support obligations or division of property. (March Hr'g at 1:18:57.) The Debtor acknowledged that he owes arrears, including child support, but said he did not know the amount. (*Id.* at 1:19:38–21:18.) However, again, the Debtor's Schedules do not list the Debtor's domestic support obligations. The Court instructed Debtor's counsel to file a status letter explaining the payments Debtor is obligated to make pursuant to orders of the matrimonial court. (*Id.* at 1:21:30.) On March 13, 2020, the Debtor's counsel filed the status letter. ("Status Letter," ECF Doc. # 19.) According to the Status Letter, at a matrimonial hearing held on March 11, 2020, the Debtor was directed to pay monthly child support to Purewal in the amount of $5,000–6,000 and no maintenance. (*Id.*) Debtor is appealing the ruling. (*Id.*)

### B.    Purewal's Motion

On February 26, 2020, Purewal filed the pending Motion seeking entry of an order granting relief from the automatic stay as necessary to permit the continuation of the Divorce Action against the Debtor. As previously stated, Purewal believes that adjudication of the

---

[1]    The Debtor did not include this information in his Schedules, as required. The Debtor is hereby Ordered to amend his Schedules within 14 days of the date of this Opinion.

Divorce Action is necessary to determine (a) the extent of the Debtor's interest in substantially all of the Debtor's assets; (b) the value of Purewal's interest in substantially all of the Debtor's assets; (c) a property distribution of marital assets, if any, owed from the Debtor to Purewal; and (d) domestic support obligations, if any, owed from the Debtor to Purewal. (*Id.* ¶ 18.)

Purewal argues that cause exists to lift the automatic stay. (*Id.* ¶ 20.) Purewal's Motion did not utilize the *Sonnax* factors for support. However, Purewal asserts generally that the findings of the state court in the Divorce Action regarding domestic support obligations and marital property distribution will ultimately impact the Debtor's ability to fund a plan of reorganization. (*Id.* ¶ 19.)

### C.    Debtor's Objection and Amended Objection

The Debtor's Objection and Amended Objection argue that the automatic stay should only be partially lifted, so the state court can make a determination regarding permanent child support and property division in the Divorce Action. (Amended Objection ¶ 16.) The Debtor submits that the automatic stay should be maintained to the extent of property distribution and the Court should retain exclusive jurisdiction over the property of the Debtor once his interest is determined. (*Id.*) While the Debtor listed the *Sonnax* factors in the Amended Objection, the Debtor did not actually utilize the factors to support his argument. (*Id.* ¶ 10.) Instead, the Debtor focused on the purpose of the automatic stay and the importance of bringing all disputes within the jurisdiction of the bankruptcy court. (*Id.* ¶¶ 6–7.)

### II.    LEGAL STANDARD

### A.    The Scope of the Automatic Stay in Domestic Relations Matters

The commencement of a bankruptcy case imposes an automatic stay on "the commencement or continuation, including the issuance or employment of process, of a judicial,

administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). However, section 362(a)(1) of the Bankruptcy Code "does not stay proceedings brought by the debtor, although it might stay counterclaims or crossclaims against the debtor in such proceedings." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.03 (2019).

The commencement of a bankruptcy case does not operate as a stay "of the commencement or continuation of a civil action or proceeding . . . for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate . . . ." 11 U.S.C. § 362(b)(2)(A)(iv). Thus, "a divorce proceeding is automatically stayed only to the extent it seeks a property division that affects property of the estate." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.03 (2019).

**B.      Lifting the Automatic Stay**

Pursuant to section 362(d) of the Bankruptcy Code, a party in interest can seek relief from the automatic stay. Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

*1.      Relief from the Automatic Stay for Cause*

The Second Circuit has observed that "[n]either the statute nor the legislative history defines the term 'for cause.'" *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990). However, the court in *Sonnax*

5

identified several factors to be considered in deciding whether cause exists to lift the automatic

stay to allow litigation to proceed in another forum, as follows:

> (1) whether relief would result in a partial or complete resolution of the
> issues; (2) lack of any connection with or interference with the bankruptcy
> case; (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been
> established to hear the cause of action; (5) whether the debtor's insurer has
> assumed full responsibility for defending it; (6) whether the action primarily
> involves third parties; (7) whether litigation in another forum would
> prejudice the interests of other creditors; (8) whether the judgment claim
> arising from the other action is subject to equitable subordination; (9)
> whether movant's success in the other proceeding would result in a judicial
> lien avoidable by the debtor; (10) the interests of judicial economy and the
> expeditious and economical resolution of litigation; (11) whether the parties
> are ready for trial in the other proceeding; and (12) impact of the stay on the
> parties and the balance of harms.

*Id.* at 1286. Not all of the factors are relevant in every case, and "cause" is a broad and flexible

concept that must be determined on a case-by-case basis.

> 2.    *Relief from Stay to Pursue Litigation to Divide Marital Property*

Courts have "granted relief from the stay to allow the state court to determine the extent

of the interests of the debtor and nondebtor spouses . . . in marital property or to determine the

amount of the nondebtor spouse's property settlement claims, so that such claims or interests

could then be provided for under the bankruptcy distribution scheme." 1 COLLIER FAMILY LAW

AND THE BANKRUPTCY CODE ¶ 5.06 (2019); *see In re White*, 851 F.2d 170, 174 (6th Cir. 1988)

(affirming the bankruptcy court's decision to lift the stay to allow divorce proceedings brought

by [debtor's] wife to proceed in state court). As noted by one bankruptcy court:

> In New York, matrimonial courts have long been empowered, in connection
> with divorce actions, to determine the issues of title to property and to make
> directions pertaining to the possession of property.
>
> ...
>
> Federal courts, including bankruptcy courts, ordinarily defer to the state
> courts in matrimonial matters to promote judicial economy and out of

6

> respect for the state courts' expertise in domestic relations issues. . . . New
> York's state courts are more familiar with the concepts of marital property
> and how to apply the statutory and discretionary factors that govern
> equitable distribution. Bankruptcy courts, on the other hand, rarely interpret
> or apply the equitable distribution statute.

*In re Cole*, 202 B.R. 356, 362 (Bankr. S.D.N.Y. 1996) (citations omitted).

However, while courts have "allow[ed] the state court to decide the interests and claims

of the marital partners . . . , [courts] reserv[e] the right to distribute all property of the bankruptcy

estate." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.06 (2019); see *In re Cole*, 202

B.R. at 362 ("The bankruptcy court can limit stay relief to the liquidation of the amount of the

Purewal's unsecured claim, and require her to return to the bankruptcy court to enforce her

judgment through the claims allowance process."); *In re Taub*, 413 B.R. 55, 66 (Bankr. E.D.N.Y.

2009) ("[S]tay relief may be granted to permit the matrimonial court to decide the issues before

it, including the issue of equitable distribution, but only up to the entry of judgment.").

### III.    DISCUSSION

#### A.    The Automatic Stay Only Partially Applies to the Divorce Action

The Debtor commenced the Divorce Action against Purewal. Section 362(a)(1) "does

not stay proceedings brought by the debtor . . . ." 1 COLLIER FAMILY LAW AND THE

BANKRUPTCY CODE ¶ 5.03 (2019). The commencement of a bankruptcy case does not operate as

a stay "of the . . . continuation of a civil action or proceeding . . . for the dissolution of a

marriage, except to the extent that such proceeding seeks to determine the division of property

that is property of the estate . . . ." 11 U.S.C. § 362(b)(2)(A)(iv). Here, Purewal is not only

asking for relief from the automatic stay in order for the Divorce Action to continue, but is also

seeking relief from the automatic stay so the state court can divide and distribute marital assets.

(Motion ¶ 18.) The Court holds that section 362(a)(1) does not stay continuation of the Divorce

7

Action in state court as to the dissolution of Kalsi's and Purewal's marriage. However, section 362(a)(1) does apply to the division of property in the Divorce Action, so it is necessary for the Court to determine if cause exists to lift the automatic stay.

**B.     Cause Exists to Partially Lift the Automatic Stay for the Determination of Debtor and Purewal's Interest in Estate Property, but the Stay is Maintained as It Relates to Property Distribution**

An analysis of the applicable *Sonnax* factors demonstrates that cause exists to partially lift the automatic stay as to the Divorce Action for the state court to determine the parties' property interests but not to distribute the property.

**1.     *Sonnax* Factor 1: Relief Would Result in a Partial or Complete Resolution of the Issues**

The first *Sonnax* factor is whether stay relief would result in a partial or complete resolution of the issues. Purewal and the Debtor agree that lifting the automatic stay for the determination of financial obligations and equitable distribution in the Divorce Action would support the resolution of significant open issues in the Debtor's bankruptcy case. (Motion ¶ 18; Amended Objection ¶ 16.) The Debtor will be unable to pursue a plan of reorganization until the interests of Kalsi and Purewal are determined in the Divorce Action. Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

**2.     *Sonnax* Factor 2: Lack of Any Connection or Interference with the Bankruptcy Case**

The second *Sonnax* factor is whether there is a lack of any connection with the bankruptcy case, and whether stay relief would interfere with the bankruptcy case. Neither Purewal nor the Debtor argue that there is a lack of any connection between the Divorce Action and Debtor's bankruptcy case. The Debtor is clearly a central party in both this bankruptcy case and the Divorce Action. The determination of the parties' rights in the Divorce Action do not

8

interfere with this bankruptcy case. On the contrary, Debtor's bankruptcy case cannot move

forward with a plan of reorganization until the interests of both parties are determined in the

Divorce Action. Accordingly, the Court finds that this factor weighs in favor of limited relief

from the automatic stay.

        3.     *Sonnax* Factor 4: The State Court is a Specialized Tribunal with the
              Necessary Expertise to Hear the Divorce Action

The fourth *Sonnax* factor is whether a specialized tribunal with the necessary expertise

has been established to hear the cause of action. Here, the state court is presiding over the

Divorce Action to determine the parties' matrimonial issues brought before it. *In re Cole*, 202

B.R. at 362 ("In New York, matrimonial courts have long been empowered, in connection with

divorce actions, to determine the issues of title to property and to make directions pertaining to

the possession of property.") (citations omitted). Accordingly, the Court finds that this factor

weighs in favor of limited relief from the automatic stay.

        4.     *Sonnax* Factor 7: Litigation in State Court Would Not Prejudice the
              Interests of Other Creditors

The seventh *Sonnax* factor is whether litigation in another forum—here, the Supreme

Court, Suffolk County—would prejudice the interests of other creditors. Purewal argues that

"any findings in State Court would affect the Debtor's ability to fund a plan of reorganization

under chapter 11 . . . ." (Motion ¶ 19.) There is an obvious impact on the interests of creditors

by any determination made in the Divorce Action regarding property of the estate. Further, the

Debtor argues generally that the automatic stay should be kept in place in order to "promote

equal creditor treatment . . . ." (Amended Objection ¶ 8.)

In order to protect creditors' interest, courts have limited the scope of stay relief. Thus,

while courts have "allow[ed] the state court to decide the interests and claims of the marital

partners . . . , [bankruptcy courts] reserv[e] the right to distribute all property of the bankruptcy estate." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.06 (2019); *see In re Cole*, 202 B.R. at 362 ("The bankruptcy court can limit stay relief to the liquidation of the amount of the Purewal's unsecured claim, and require her to return to the bankruptcy court to enforce her judgment through the claims allowance process."); *In re Taub*, 413 B.R. 55, 66 (Bankr. E.D.N.Y. 2009) ("[S]tay relief may be granted to permit the matrimonial court to decide the issues before it, including the issue of equitable distribution, but only up to the entry of judgment."). Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

> 5.   *Sonnax* Factor 11: The Parties Want to Continue the Divorce Action

The eleventh *Sonnax* factor is whether the parties are ready to proceed to trial in the other proceeding. Both Purewal and the Debtor have indicated an interest in allowing the Divorce Action to continue. (Motion ¶ 20; Amended Objection ¶ 16.) Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

> 6.   *Sonnax* Factor 12: Impact of the Stay on the Parties and the Balance of
>       Harms Weights in Favor of Limited Relief

The final *Sonnax* factor is the impact of the automatic stay on the parties and the balance of the harms. Again, both parties agree that the Divorce Action should continue in order to determine the parties' interest in estate property. Further, if the property of the Debtor's chapter 11 bankruptcy estate remains within the jurisdiction of this Court, then any potential harm to the Debtor and creditors is mitigated. Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

10

## IV.    CONCLUSION

For the reasons discussed above, the Motion is **GRANTED IN PART AND DENIED IN PART.**

**THEREFORE, IT IS HEREBY ORDERED** as follows:

**ORDERED,** that relief from the automatic stay is granted pursuant to 11 U.S.C. § 362(d)(1) to allow Purewal and Debtor to continue the Divorce Action pending in the Supreme Court of the State of New York, County of Suffolk, styled *Kanwaldeep Kalsi v. Namrita Purewal*, index number 5035/2017, to conclusion and the entry of judgment, but with enforcement of the judgment with respect to any property distribution from the Debtor's estate to take place in this Court; and it is further

**ORDERED,** that this Court retains jurisdiction to enforce any judgments with respect to property of the estate within the context of this bankruptcy case.

**IT IS SO ORDERED.**

Dated:    March 31, 2020
New York, New York

_Martin Glenn_
MARTIN GLENN
United States Bankruptcy Judge

11

# EXHIBIT
## 'E'

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:                                                                          Case No.: 20-10330-mg

     Kanwaldeep Singh Kalsi,                                    Chapter 11

                           Debtor.

-----------------------------------------------------------X

## ORDER CONVERTING CASE TO CHAPTER 7

     Upon the motion (the "Motion") of Kanwaldeep Singh Kalsi by his attorney, Alla Kachan, Esq. of the Law Offices of Alla Kachan, P.C., seeking entry of an Order converting the Debtor's Chapter 11 case to one under Chapter 7, pursuant to section 1112(a) of the Bankruptcy Code (ECF Doc. # 50); upon the objection (the "Objection") of Namrita Purewal (ECF Doc. # 54) and upon the Debtor's response to objection (ECF Doc. # 55); and upon the hearing having been held before this Court on November 30, 2020; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C.§ 1408; and notice of the Motion and the proposed order appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and Objection; and the Court having determined that the legal and factual bases set forth therein establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby:

     **ORDERED** that that this Chapter 11 case is hereby converted to one under Chapter 7, and to be administered thereunder.

**ORDERED**, that the Debtor shall file (I) a schedule of unpaid debts incurred after the commencement of the Chapter 11 case within 14 days of the date of this order, and (II) a final report within 30 days of the date of this order, pursuant to Fed. R. Bankr. P. 1019(5).

**IT SO ORDERED.**

Dated: December 4, 2020
      New York, New York

                                         **/s/ Martin Glenn**
                                           MARTIN GLENN
                        United States Bankruptcy Judge