**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KANWALDEEP SINGH KALSI,<br><br>　　　　　　　　　　Debtor. | FOR PUBLICATION<br><br>Chapter 7<br><br>Case No. 20-10330 (MG) |
| CAMPAGNA JOHNSON MADY, P.C. f/k/a CAMPAGNA JOHNSON, PC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KANWALDEEP KALSI,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. 21-01027 (MG) |

**CORRECTED MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION AND <u>DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

*A P P E A R A N C E S:*

CAMPAGNA JOHNSON MADY, P.C.
*Counsel to the Plaintiff*
888 Veterans Memorial Highway, Suite 200
Hauppauge, NY 11788
By:　Bryan R. Johnson, Esq.

LAW OFFICES OF ALLA KACHAN, P.C.
*Counsel to the Defendant*
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
By:　Alla Kachan, Esq.

MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

The cross-motions for summary judgment in this adversary proceeding seek a determination of dischargeability of attorneys' fees awarded to the estranged spouse of the debtor-defendant in ongoing divorce proceedings. The plaintiff argues that the attorneys' fees are non-dischargeable as domestic support obligations under section 523(a)(5), or, in the alternative, as an obligation to a spouse incurred in the course of a divorce under section 523(a)(15). In response, the defendant argues that the fees should be discharged due to a hardship standard that was removed from the statute in 2005. Accordingly, the question of dischargeability in this case is easy; the debt is non-dischargeable.

## I.  BACKGROUND

Campagna Johnson Mady, P.C. ("CJM," or the "Plaintiff") represents Namrita Purewal, who is the estranged spouse of Kanwaldeep Singh Kalsi (the "Debtor" or the "Defendant"), in the pending matrimonial action before the Supreme Court of the State of New York, County of Suffolk, between Purewal and the Defendant. ("Complaint," ECF Doc. # 1, ¶ 7.) In the matrimonial action, Purewal was awarded $75,000.00 in attorneys' fees, with such amount to be paid directly to CJM no later than 30 days from January 27, 2020 (the date of entry of the matrimonial court order). (*Id.* ¶ 9.) A copy of the matrimonial court order is attached as Exhibit B to the Complaint. (*Id.* at 14–18.)

On February 3, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. (Case No. 20-10330, ECF Doc. # 1.) Both Purewal and CJM filed proofs of claim. (*Id.*, Claim Nos. 8, 10.) Purewal's claim is for $1,778,257.06, which includes the $75,000.00 in attorneys' fees ordered by the matrimonial court. (Claim No. 8.) CJM's claim is for $75,000.00, consisting only of the attorneys' fees ordered by the

2

matrimonial court. (Claim No. 10.) Both proofs of claim assert that the attorneys' fees are entitled to priority as domestic support obligations under section 507(a)(1)(A).[1]

On December 4, 2020, the Court converted the case to one under chapter 7. (*Id.*, ECF Doc. # 57.) After conversion, the chapter 7 trustee filed a notice of possible dividends. (*Id.*, ECF Doc. # 63.)

This adversary proceeding was filed on March 2, 2021. (Complaint.) At the pretrial conference held on June 2, 2021, the parties agreed that there is no factual dispute in this adversary proceeding and agreed to proceed with cross-motions for summary judgment. Each party filed a motion for summary judgment on June 23, 2021. ("Plaintiff's Motion," ECF Doc. # 11; "Defendant's Motion," ECF Doc. # 12.) Each party then filed a response to the other party's motion for summary judgment. ("Plaintiff's Response," ECF Doc. # 13; "Defendant's Response," ECF Doc. # 14.)

## II. DISCUSSION

Section 523(a)(5) provides that domestic support obligations are excepted from discharge. Section 523(a)(15) provides that all other debts "to a spouse . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" are excepted from discharge. 11 U.S.C. § 523(a)(15).

> In their joint operation, § 523(a)(15) begins after § 523(a)(5) operates; and then § 523(a)(15) makes nondischargeable all other debts running between spouses or ex-spouses that were created under divorce decrees, decrees of separate maintenance, or any other

---

[1] To be precise, both proofs of claim indicate that the claim is entitled to priority as "[d]omestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) *or (a)(1)(B)*." (Claim No. 8 at 3; Claim No. 10 at 3 (emphasis added).) Section 507(a)(1)(B) deals with domestic support obligations that are assigned to, owed to, or recoverable by a governmental unit, and is not applicable here.

3

> court judgment that parses out the consequences of the breakdown of a marital relationship.

4 COLLIER ON BANKRUPTCY ¶ 523.23 (quoting *Lakeman v. Weed (In re Weed)*, 479 B.R. 533, 538 (Bankr. D. Minn. 2012)).

### A. Section 523(a)(5)

As noted above, section 523(a)(5) provides that domestic support obligations are excepted from discharge. Section 101(14A) defines "domestic support obligation" as follows:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> > (A) owed to or recoverable by—
> >
> > > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> > >
> > > (ii) a governmental unit;
> >
> > (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> >
> > (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
> >
> > > (i) a separation agreement, divorce decree, or property settlement agreement;
> > >
> > > (ii) an order of a court of record; or
> > >
> > > (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> >
> > (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former

> spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

It is well-settled that attorneys' fees awarded to a spouse in connection with a divorce proceeding are domestic support obligations within the meaning of section 101(14A), which are non-dischargeable under section 523(a)(5):

> Courts are in general agreement that obligations in the nature of alimony, maintenance and support may include the duty to pay attorneys' fees incurred by the former spouse in connection with a divorce proceeding, the obtaining and enforcement of alimony and/or support awards, or for custody disputes.

*Falk & Siemer v. Maddigan (In re Maddigan)*, 312 F.3d 589, 595–96 (2d Cir. 2002) (quoting *In re Peters*, 133 B.R. 291, 295 (S.D.N.Y. 1991), *aff'd*, 964 F.2d 166 (2d Cir. 1992) (per curiam)); *see also Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9 (2d Cir. 1981) (noting that "[a]n award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary [of life] under the law," and that the bankruptcy court therefore "correctly concluded that defendant's undertaking to pay his wife's legal bill fell within th[e] definition" of alimony and support).

Debtor's counsel correctly notes that "what constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law." *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir. 1987). However, "bankruptcy courts may refer to well-established state laws in making that determination." *In re Rogowski*, 462 B.R. 435, 445 (Bankr. E.D.N.Y. 2011); *see also Forsdick v. Turgeon*, 812 F.2d at 803 (noting that "while the characterization of [an] award by [a state court] referee is not determinative of the question, it is strongly indicative" that an obligation is "in the nature of alimony, maintenance, or support"). The Second Circuit has explained that reference to state law is certainly appropriate in determining whether an obligation

5

to pay a spouse's attorneys' fees in a divorce proceeding is "in the nature of alimony, maintenance, or support":

> As Congress undoubtedly was aware, United States courts have no jurisdiction over divorce or alimony allowances. There is no federal law of domestic relations, the whole subject of which belongs to the laws of the States. Congress could not have intended that federal courts were to formulate the bankruptcy law of alimony and support in a vacuum, precluded from all reference to the reasoning of the well-established law of the States.

*Spong*, 661 F.2d at 9 (internal quotation marks and citations omitted).

In a more recent well-reasoned opinion from the Eastern District, Judge Trust, following *Spong*, analyzed whether attorneys' fees awarded in a divorce proceeding are domestic support obligations within the meaning of section 101(14A) with reference to New York law, and found that

> a New York court must, at a minimum, find that the former spouse requires financial support before the court can properly award that spouse matrimonial attorney's fees. Because a finding of financial need is required, this Court concludes that a proper award of matrimonial attorney's fees under New York state law is "in the nature of alimony, maintenance, or support[.]"

*Rogowski*, 462 B.R. at 446.

Here, the attorneys' fees were awarded based on the matrimonial court's determination that "[the Debtor] is the monied spouse," and that "[t]he purpose of a counsel fee award is to level the playing field between the monied and less-monied spouse." (Complaint ¶¶ 17–18; Complaint at 17 (matrimonial court order).) The attorneys' fees are therefore clearly (A) owed to or recoverable by a spouse,[2] (B) are "in the nature of alimony, maintenance, and support," (C)

---

[2] Although the matrimonial court ordered the Debtor to pay the attorneys' fees directly to CJM rather than Purewal, "[Second Circuit] case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be nondischargeable." *Maddigan*, 312 F.3d at 593 (first citing *Spong*, 661 F.2d at 10–11; then citing *In re Peters*, 124 B.R. 433, 435 (Bankr. S.D.N.Y. 1991)).

6

established before the petition date by an order of a court of record, and (D) not assigned to a governmental entity. *See* 11 U.S.C. § 101(14A).

Accordingly, the attorneys' fees are non-dischargeable domestic support obligations under section 523(a)(5).

### B. Section 523(a)(15)

Debtor's counsel argues that:

> section 523(a)(15) requires the bankruptcy court to assess the present financial capabilities and needs of both the debtor and nondebtor parties, and to balance the hardship to the nondebtor against the benefit to the debtor of discharging the debt. The provision permits the discharge of these debts if it is shown that the debtor cannot pay the debt.

(Defendant's Motion ¶ 17.) This is a reference to a previous version of section 523(a)(15), which included such a balancing test in former subsections (A) and (B). However, the balancing test was removed from the statute as part of the 2005 amendments to the Code. 4 COLLIER ON BANKRUPTCY ¶ 523.23 (citing Pub. L. No. 109-8 § 215(3) (2005)). Therefore, Debtor's counsel's contention is no longer correct, and the cases cited in support[3] are not applicable to the current statute.

As a result of the removal of the balancing test from section 523(a)(15):

> Section 523(a)(15) provides unqualifiedly that a debt encompassed by section 523(a)(15) is nondischargeable. Thus, with respect to dischargeability in cases under chapters 7, 11 and 12, all of which base dischargeability on section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence. However, in chapter 13, debts encompassed by section 523(a)(5) are not dischargeable, while debts encompassed by section 523(a)(15) are dischargeable.

---

[3] *Willey v. Willey (In re Willey)*, 198 B.R. 1007 (Bankr. S.D. Fla. 1996); *Slover v. Slover (In re Slover)*, 191 B.R. 886 (Bankr. E.D. Okla. 1996); *Florio v. Florio (In re Florio)*, 187 B.R. 654 (Bankr. W.D. Mo. 1995); *Woodworth v. Woodworth (In re Woodworth)*, 187 B.R. 174 (Bankr. N.D. Ohio 1995).

4 COLLIER ON BANKRUPTCY ¶ 523.11[1]. Accordingly, in this case (which is an individual chapter 7 case), the debt is non-dischargeable whether it is a domestic support obligation or other obligation arising out of a marital relationship, and Debtor's counsel's hardship-related arguments are irrelevant. Therefore, even if the debt is not a domestic support obligation, it is non-dischargeable under the catchall section 523(a)(15) for all other debts owed to a spouse incurred in the course of a divorce.

### C. The Matrimonial Court Order

As noted above, in the matrimonial action, Purewal was awarded $75,000.00 in attorneys' fees, with such amount to be paid directly to CJM no later than 30 days from January 27, 2020 (the date of entry of the matrimonial court order). (Complaint ¶ 9.)

Debtor's counsel argues that "no final binding order" has been entered in the matrimonial action. (Defendant's Motion ¶ 25.) That argument is problematic at best, as the matrimonial court ordered that Kalsi pay those fees no later than 30 days after the January 27, 2020, entry of the order. However, this Court is simply determining that the prepetition attorneys' fees ordered by the matrimonial court is non-dischargeable. If the amount of those prepetition fees is changed in a "final" order, the fee award would be non-dischargeable regardless.[4]

### D. Priority for Prepetition Domestic Support Obligations Under Section 507(a)(1)(A)

Finally, it is important to note that the $75,000.00 award of attorneys' fees are prepetition domestic support obligations entitled to priority under section 507(a)(1)(A). As noted above, Purewal and CJM have both filed proofs of claim for the attorneys' fees. Accordingly, in any distribution from the estate, the claims of Purewal and CJM (and any other holders of claims that

---

[4] While the Complaint seemed to include a request for a money judgment to be entered against the Debtor in the amount of $75,000.00 plus statutory interest (Complaint ¶¶ 23, 29; Complaint at 6), the Plaintiff's Motion does not include a similar request for a money judgment; it seeks only a determination of non-dischargeability.

8

are prepetition domestic support obligations) under section 507(a)(1)(A) would be paid first (after any administrative expense recovery by the chapter 7 trustee under section 507(a)(1)(C)).[5] However, despite this priority, there may be insufficient assets to pay the prepetition domestic support obligations in full. In that case, any unpaid portion of the prepetition claims for attorneys' fees from the matrimonial court action will not be discharged.

### III.  CONCLUSION

For the reasons stated above, the attorneys' fees awarded in the matrimonial action are non-dischargeable, including any portion of the prepetition attorneys' fee award that remains unpaid after distribution. Therefore, the Plaintiff's Motion is **GRANTED** and the Defendant's Motion is **DENIED**. The Court's determination is limited to the question of non-dischargeability; the determination of the amount of the liability and entry of a money judgment is left to the matrimonial court.

**IT IS SO ORDERED.**

Dated:   September 2, 2021
         New York, New York

                                            *Martin Glenn*
                                        MARTIN GLENN
                                  United States Bankruptcy Judge

---

[5] The Court is not determining at this time whether any *additional* amount the matrimonial court orders the Debtor to pay in a final order is also entitled to priority under section 507(a)(1)(A). For any additional amount to be entitled to priority, it must be shown that it is a *prepetition* domestic support obligation (i.e., that it is owed to or recoverable by a spouse "as of the date of the filing of the petition"). 11 U.S.C. § 507(a)(1)(A).